UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEL MONTE FRESH PRODUCE COMPANY, )
241 Sevilla Avenue, Coral Gables, FL 33134 )
)
    Plaintiff, )
)
vs. )
) C.A. No. _____
UNITED STATES OF AMERICA, )
c/o Office of the United )
States Attorney for the )
District of Columbia, )
555 4th Street, N.W., )
Washington, D.C. 20530, )
)
UNITED STATES DEPARTMENT OF THE TREASURY, )
1500 Pennsylvania Avenue, NW, )
Washington, DC 20220, and )
)
OFFICE OF FOREIGN ASSETS CONTROL, )
United States Department of the Treasury, 1500 Pennsylvania Avenue, NW, Washington, DC 20220, )
)
    Defendants. )
)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff Del Monte Fresh Produce Company brings this action to compel the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") to issue an overdue export license authorizing shipment of fresh fruit to Iran under the Trade Sanctions Reform and Export Enhancement Act of 2000. On information and belief, all pertinent agencies of the United States Government have completed their review of Plaintiff's license application and have determined that issuance of the license is warranted under applicable legal standards. However, OFAC has inexplicably failed to satisfy its mandatory and ministerial legal duty to issue the license. In failing to issue the license, OFAC also has violated its own procedures requiring action within particular time frames and has otherwise unreasonably delayed acting on Plaintiff's license application. This failure to issue the license has directly and irreparably harmed Plaintiff, among other things, by curtailing its exports of agricultural food products to Iran, causing lost sales, profits, and market share. As a remedy in this action, Plaintiff seeks an injunction compelling OFAC to issue the requested license and a declaratory judgment that OFAC's failure to issue the license was unlawful.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1337 and 1361, to provide remedies set forth in 5 U.S.C. § 706 and 28 U.S.C. § 2201.

3. Venue is proper in this District under 28 U.S.C. § 1391(e).

## Parties

4.    Plaintiff Del Monte Fresh Produce Company ("Del Monte") is a Delaware corporation with its principal place of business at 241 Sevilla Avenue, Coral Gables, Florida. Del Monte is one of the world's leading vertically integrated producers, marketers and distributors of high-quality fresh and fresh-cut fruit and vegetables. Del Monte facilitates sales of produce by its foreign affiliates to persons and entities in other countries.

5.    Defendant United States Department of the Treasury is the federal agency that administers the licensing program that is at issue in this case, through Defendant Office of Foreign Assets Control ("OFAC"). Defendant United States of America is named as a defendant pursuant to 5 U.S.C. §§ 702 and 703, because this is an action for judicial review of agency actions and inactions that have affected Plaintiff adversely.

## The Statutory and Regulatory Scheme

6.    The Trade Sanctions Reform and Export Enhancement Act of 2000 ("TSRA"), 22 U.S.C. §§ 7201 et seq., limits the President's ability to restrict exports of agricultural food products as a means of imposing economic sanctions on other countries. The TSRA provides that, except in circumstances not relevant here, the President may not impose a unilateral agricultural sanction against a foreign country or foreign entity. Id. § 7202(a).

7.    The TSRA does, however, authorize the United States Government to prohibit exports of agricultural food products to terrorist-related entities in

countries that the United States Department of State has determined have repeatedly provided support for acts of international terrorism. 22 U.S.C. § 7205(a)(1). Under the TSRA, if the Department of State has determined that a particular country has repeatedly provided support for acts of international terrorism, a U.S. exporter may not ship agricultural food products to that country without applying for and receiving a one-year license. Id.

8. The Department of State has determined that Iran has repeatedly provided support for acts of international terrorism. Accordingly, the TSRA requires that exports of agricultural food products to Iran must be authorized through the licensing procedures described above.

9. The TSRA requires the United States Government to adopt procedures to deny applications for licenses to ship agricultural food products to terrorist-related entities in countries, such as Iran, that have repeatedly provided support for acts of international terrorism. 22 U.S.C. § 7205(a)(1). Defendant OFAC has established such procedures (see 66 Fed. Reg. 36683 (July 12, 2001)) and administers the licensing program at issue.

10. Under OFAC's procedures, a license application must include identifying information regarding the applicant, the parties to the transaction, and the product to be exported (including a statement that the product is not included on the Commerce Department's Commerce Control List).

11.  If an application does not include all of the information required by OFAC's procedures, OFAC considers the application incomplete and returns it to the submitter without action and without prejudice.

12.  If an application does include all of the required information, OFAC's procedures require it to act on the application as follows. In the case of an application that seeks to authorize shipments of agricultural food products to Iran, OFAC's procedures require it to refer the application to the Department of State for anti-terrorism review. The Department of State is the agency responsible for determining whether the identified parties to the transaction include a terrorist-related entity. If the Department of State determines that the parties to the transaction do include a terrorist-related entity, the Department of State lodges an objection with OFAC, and OFAC is required to deny the application, as a ministerial act. If the Department of State determines that the parties to the transaction do not include a terrorist-related entity, the Department of State informs OFAC that it has no objection, and OFAC is required to issue the license, as a ministerial act.

## OFAC's Expedited Procedures

13.  In enacting the TSRA, Congress intended that the licensing program would be administered under expedited procedures, to ensure that bureaucratic delays in licensing would not cause <u>de facto</u> restrictions of food shipments; such restrictions would undermine the congressional purpose of preventing economic sanctions based on agricultural food products. To ensure that the expedited

procedures are effective, Congress required the agency administering the licensing program to submit quarterly reports to Congress on licensing activities and also to submit biennial reports to Congress specifying, among other things, the average amount of time elapsed from the date a license application is filed until the date it is approved. 22 U.S.C. §§ 7205(b), (c).

14. To prevent bureaucratic delays in licensing, Congress intended that appropriate licenses would be renewed for additional one-year terms without a gap of time between the expiration date of the original license and issuance of the renewal license; such a gap would interrupt shipments of agricultural food products, contrary to the congressional purpose. Because the statutory term for a license is only one year, it is essential to the statutory scheme that expedited procedures ensure prompt renewal of licenses within a small fraction of the one-year license period.

15. OFAC has established expedited licensing procedures, consistent with the congressional intent described above. Those procedures require OFAC to issue a license nine business days after OFAC refers the application to the Department of State, if the Department of State raises no objection to, or concern with, the application during that nine-day period. The same procedures require OFAC to deny a license within nine business days after OFAC refers the application to the Department of State, if the Department of State raises an objection to the application during that nine-day period. Under the same procedures, if the Department of State raises a concern about an application short of an objection

within nine business days after OFAC refers the application, OFAC is required to issue or deny a license within no more than 30 additional days.

16.  As required by the TSRA, OFAC prepares biennial and quarterly reports including, among other things, the average amount of time elapsed from the date a license application is filed until the date it is approved. The most recent publicly available biennial report covers the period from October 2002 to September 2004.

17.  According to the biennial report covering the period from October 2002 to September 2004, OFAC referred most complete and eligible license applications to the Department of State the same day that OFAC received the applications.

18.  According to the biennial report covering the period from October 2002 to September 2004, OFAC issued most licenses within one day of receipt of the Department of State recommendation.

19.  According to the biennial report covering the period from October 2002 to September 2004, for license applications concerning agricultural products in which the end user had been approved by the Department of State within the past twelve months, OFAC was able to issue a license within one day of receipt of the license application, because the Department of State waives review of license applications under those circumstances.

### Del Monte's 2005 License Application

20.  On August 5, 2005, Del Monte submitted an application to OFAC, under the expedited licensing procedures described above, for a license to ship

- 6 -

bananas to Iran. The application contained all of the information required by OFAC's procedures: identifying information regarding the applicant (Del Monte and its pertinent foreign affiliate); identifying information regarding the parties to the transaction (the Iranian importer and Iranian wholesalers); and identifying information regarding the product to be exported (fresh bananas), including a statement that it is not included on the Commerce Department's Commerce Control List (i.e., classified by the Department of Commerce as EAR 99).

21.  On information and belief, OFAC determined that the application contained all of the information required by its procedures and referred the application to the Department of State, to determine whether the Department of State objected to issuance of the license on the ground that it had reason to believe that a party to the transaction was affiliated with the promotion of international terrorism. On information and belief, the United States Department of State determined that it had no reason to believe such an affiliation with terrorism existed and informed OFAC that it had no objection to the issuance of the license.

22.  OFAC issued the requested license on September 27, 2005. As provided by statute, 22 U.S.C. § 7205(a)(1), the term of the license was one year, and the license accordingly expired on September 27, 2006. OFAC's requirements permit Del Monte to continue shipping orders under agreements entered into during the license period. However, because the license has expired, Del Monte may not ship under new agreements initiated after September 27, 2006.

## Del Monte's 2006 License Application

23.     On July 31, 2006, approximately two months before the 2005 license was due to expire, Del Monte submitted a new application, under the expedited licensing procedures, for a license that would extend the authorization to ship bananas to Iran for another year and also would authorize shipment of additional fruit (pineapples, garlic, ginger, grapes, apples, oranges and pears) to Iran during the same period. The July 31, 2006 application is the focus of this lawsuit.

24.     Like the August 2005 application, the July 2006 application contained all of the information required by OFAC's procedures. The only material difference between the July 2006 application and the August 2005 application was the particular foods at issue (bananas in 2005 and bananas, pineapples, garlic, ginger, grapes, apples, oranges and pears in 2006). It is significant in this case that the 2005 and 2006 applications contained identical information regarding the Iranian importer and Iranian wholesalers that were parties to the transaction.

25.     OFAC received the new application on August 1, 2006. On information and belief, OFAC determined that the application contained all of the information required by its procedures and referred the application to the Department of State, to determine whether the Department of State objected to issuance of the license on the ground that it had reason to believe that a party to the transaction was affiliated with the promotion of international terrorism. On information and belief, the Department of State determined that it had no reason to believe such an affiliation with terrorism existed. On information and belief, this determination

was consistent with, and may have relied upon, the Department of State's review, in 2005, of the same Iranian importer and wholesalers.

26. On information and belief, the Department of State informed OFAC on or before September 22, 2006, that it had no objection to the issuance of the license.

27. Because the Department of State's review has been completed and no objection has been raised, and because Del Monte's application contained all of the information required by OFAC's procedures, all requirements governing issuance of the license have been met, and OFAC therefore has a mandatory legal duty to issue the license. The required issuance of the license is a purely ministerial function; OFAC has no legal authority or requirement to make any further determination, decision or finding with respect to the license.

28. To date, OFAC has neither issued nor denied the requested license.

29. OFAC has informed Del Monte that the license will not be issued within the next six months, if at all.

## The Harm Caused by OFAC's Failure To Issue the License

30. An actual and substantial controversy exists between Del Monte and Defendants concerning OFAC's failure to issue a license authorizing shipment of agricultural food products to Iran.

31. OFAC's failure to issue the license has directly injured Del Monte by curtailing its exports of agricultural food products to Iran.

32. OFAC's failure to issue the license has caused, and will continue to cause, irreparable harm to Del Monte in the form of lost sales and profits that would otherwise be generated from sales of agricultural commodities in Iran.

33. OFAC's failure to issue the license has caused, and will continue to cause, irreparable harm to Del Monte by causing it to lose market share and retail shelf space to its competitors in Iran.

34. OFAC's failure to issue the license has caused, and will continue to cause, irreparable harm to Del Monte's relationships with buyers in Iran to which Del Monte cannot ship agricultural food products until the license is issued.

## Count I (Agency Action Unlawfully Withheld)

35. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 34 above.

36. OFAC's failure to issue the license is an agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1), because OFAC violated a mandatory legal duty to issue the requested license as a ministerial act, given that the Department of State made the United States Government's substantive anti-terrorism determination and raised no objection to the license, and given that the license application contained all information required by OFAC procedures.

37. OFAC's failure to issue the license is an agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1), because OFAC violated a mandatory legal duty to issue the requested license within the time frame contemplated by the TSRA.

38. OFAC's failure to issue the license is an agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1), because OFAC violated a mandatory legal duty, established in its own procedures, to issue the requested license immediately when the Department of State informed OFAC that it had no objection to the issuance of the license.

39. OFAC's failure to issue the license is an agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1), because OFAC violated a mandatory legal duty, established in its own procedures, to issue the requested license 9 business days after referring the application to the Department of State.

40. OFAC's failure to issue the license is an agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1), because the failure to issue the license is a prohibition, restriction or condition constituting a unilateral agricultural sanction in violation of the TSRA.

41. Under 5 U.S.C. § 706(1), this Court should compel the agency action unlawfully withheld by requiring issuance of the license.

## Count II (Agency Action Unreasonably Delayed)

42. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 34 above.

43. OFAC's failure to issue the license is an agency action unreasonably delayed within the meaning of 5 U.S.C. § 706(1), because OFAC failed to issue the requested license within a reasonable time period, including within the time frame contemplated by the TSRA.

44.     Under 5 U.S.C. § 706(1), this Court should compel the agency action unreasonably delayed by requiring issuance of the license.

### Count III (Agency Action Without Observance of Procedure Required by Law)

45.     Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 34 above.

46.     To the extent that OFAC has made an affirmative decision to table the July 2006 application, such a decision was an agency action without observance of procedure required by law within the meaning of 5 U.S.C. § 706(2)(D).

47.     Under 5 U.S.C. § 706(2), this Court should compel OFAC to follow applicable procedures, which required issuance of the requested license 9 business days after OFAC referred the application to the Department of State, and immediately when the Department of State informed OFAC that it had no objection to the issuance of the license.

### Count IV (Arbitrary and Capricious Agency Action)

48.     Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 34 above.

49.     On information and belief, OFAC has changed its procedures since the biennial report to Congress covering the period from October 2002 to September 2004, such that OFAC's actions on license applications in the class to which Plaintiff's application belongs are now greatly delayed in comparison with actions on the same class of applications during the period covered by that biennial report.

50.     To the extent that such a change in procedures occurred, it was an arbitrary and capricious agency action within the meaning of 5 U.S.C. § 706(2)(A) that has directly harmed Del Monte.

51.     Under 5 U.S.C. § 706(2), the Court should hold unlawful the change in procedures.

### Prayer for Relief

Plaintiff respectfully requests the Court to grant the following relief:

I.      Issue an injunction compelling OFAC to issue a license in response to Del Monte's July 31, 2006 application;

II.     Issue a declaratory judgment declaring that OFAC has violated its mandatory legal duty to issue the requested license; and

III.    Award such other relief as this Court deems just and proper.

Respectfully submitted,

Daniel G. Jarcho (D.C. Bar No. 391837)
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
(202) 496-7500

Myron Paul Barlow (D.C. Bar No. 462886)
Matthew J. McGrath (D.C. Bar No. 412954)
MCGRATH & BARLOW LLP
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
(202) 895-2786

Attorneys for Plaintiff
Dated:    October 27, 2006    Del Monte Fresh Produce Company

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Del Monte Fresh Produce Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Daniel G. Jarcho
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006
(202) 496-7500

## DEFENDANTS

The United States of America, United States Department of the Treasury, Office of Foreign Assets Control

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Office of the United States Attorney for the District of Columbia
555 4th Street, NW
Washington, DC 20530
(202) 514-7566

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. Section 706-action for judicial review of agency action and inaction

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

VIII. RELATED CASE(S) IF ANY    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 10/27/06    SIGNATURE OF ATTORNEY OF RECORD  Daniel J. [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.